UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Microsoft Corporation, a
Washington Corporation,

Plaintiff,

vs. MINUTE ORDER

Multi-Tech Systems, Inc., a
Minnesota corporation,

Defendant. Civ. No. 00-1412 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 3rd day of November, 2000.

* * *

On November 3, 2000, the Court heard argument on the Plaintiff's informal Motion for Reconsideration of the Court's October 19, 2000, Pretrial Order. At the time of the Hearing, the Plaintiff Microsoft appeared by Douglas B. Greenswag and David T. Pritikin, Esqs., and the Defendant Multi-Tech appeared by Darren B. Schwiebert and Kevin Conneely, Esqs. We grant the Motion in part.

By Order dated October 19, 2000, we established pretrial deadlines in this action, and we established certain generalized procedures for the conduct of pretrial activities. Pursuant to D. Minn. LR7.1(g), the Plaintiff requests that we reconsider two aspects of our Order of October 19 and, consistent with our Local

NOV 03 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Rules, they have submitted a letter brief in support of that request. In turn, the Defendant objects to a reconsideration but, if the Court should grant the same, then the Defendant may have its own, yet unstated, objections to the Order that should also warrant reconsideration.

The Plaintiff objects to those portions of our Order of October 19, which presume that communications, between a client and its attorney, are privileged, and which erect minimal procedural and substantive preconditions to the conduct of a Markman Hearing. See, Markman v. Westview Instruments, Inc., 52 F.3d 967, 980-81 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996). Under D. Minn. LR7.1(g), leave to file a Motion for Reconsideration is conditioned "upon a showing of compelling circumstances." The Plaintiff has minimally advanced such a showing.

Suggesting that we are turning the law of privilege on its head, the Plaintiff requests that no presumption of privilege apply to attorney/client communications, unless the party claiming the privilege can demonstrate its applicability. While we do not quarrel with that proposition, we do think that the Plaintiff overstates the purport of the presumption we have applied. We do not think the proposition to be a novel one that, unless otherwise waived, communications between a client and the client's attorney are privileged. We mean no more by the presumption we have

incorporated into our Pretrial Order. The communications, though privileged, must still be identified in a privilege log, and the party opposing the privilege may challenge its propriety by showing, with sufficient specificity, the reason why the documents are not privileged, but we think it potentiates for an undue burden upon the Court to review, in camera, every piece of correspondence, between a client and the client's attorney, so as to confirm a state of confidence long recognized in the law.

Nonetheless, in the interests of a workable approach, we clarify our Pretrial Order to reflect that, notwithstanding the specific language of the Privilege provisions, the party challenging the asserted privilege need only demonstrate with sufficient specificity why the privilege does not apply to the challenged document. Although the provision may be read as requiring clairvoyance, on the objector's part, to advocate why the substance of a privileged communication warrants its disclosure, such a requirement might not be possible in the absence of an opportunity to examine the confidential document. Rather, we intend no more than that the objecting party advance a particularized showing that a communication, which is claimed to be privileged, is not entitled to such protection.

As to the Markman provision, we do not understand that a Markman Hearing must, out of course, be held in each patent

infringement case. Indeed, as would be the case with any other evidentiary Hearing, the need for the Hearing must be shown as a prerequisite to its conduct. We invoke no loftier proposition than that by requiring a procedural and substantive precondition to the scheduling of a Markman Hearing. With regularity, claim construction, being a matter of judicial declaration, can be accomplished by Summary Judgment, or upon a record that does not entail in-Court testimony. If such a less burdensome approach to claim construction should prove unworkable in any given case, than an evidentiary Hearing can be held, but we do not think the course a prudent one where, automatically, and without a showing of need, Hearings are scheduled merely because, on a theoretical basis, they can be required when the circumstances warrant the presentation of extrinsic evidence to the Court's attention.

Finding no compelling reason to further reconsider our previous rulings, including those unmentioned, but contemplated by the Defendant, we grant the Motion to Reconsider, and we hereby clarify the intent of our Pretrial Order as we have now detailed. On occasion, the most mundane of Orders should be accepted for what they are -- a means of assuring the just administration of civil proceedings, with the least amount of unnecessary burden on the Court.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's informal Motion to Reconsider is GRANTED to the limited extent provided in the text of this Minute Order.

BY THE COURT:

Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE