**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| MICROSOFT CORPORATION,<br>a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MULTI-TECH SYSTEMS, INC.,<br>a Minnesota corporation,<br><br>Defendant. | ) | Case No. 00-CV-1412 ADM/RLE<br><br>**PROTECTIVE ORDER** |

Plaintiff and counterclaim Defendant Microsoft Corporation ("Microsoft") and defendant and counterclaim plaintiff Multi-Tech Systems, Inc. ("Multi-Tech") each asserts that it possesses information relating to the subject matter of this action which it deems confidential and proprietary. The parties recognize that in the course of discovery proceedings it may be necessary to disclose to the other party certain confidential and proprietary information, but each wishes to ensure that such confidential and proprietary information shall not be used for any purpose other than this action, and shall not be made public by another party, or be otherwise disseminated by another party, beyond the extent necessary for purposes of this action. In addition, the parties contemplate that CONFIDENTIAL INFORMATION may be produced by non-parties.

Accordingly, based upon the agreement of the parties and for good cause shown, it is hereby Ordered pursuant to Rule 26 of the Federal Rules of Civil Procedure

FILED JUL 09 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

(31)

that the following procedure shall be adopted for the protection of confidential and proprietary information:

**DEFINITIONS**

1. For purposes of this Order, CONFIDENTIAL INFORMATION means any document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement designated by any party as confidential because it contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, portions of documents, transcripts, answers to interrogatories, briefs, summaries, notes, abstracts, motions, drawings and any instrument which comprises, embodies or summarizes matter which any party considers confidential and desires not to be made public.

2. By way of example and without any limitation, the term "documents" shall include but not be limited to correspondence, memoranda, bulletins, circulars, advertisements, catalogs, publications, or other printed matter, interoffice and/or intracorporate communications, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, maps, charts, books of accounts, work sheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, specifications, photographs, motion pictures, compilations from which information can be obtained and translated as required through detection devices into reasonable usable

form, sketches, drawings, notes (including laboratory notebooks and records), blueprints, disclosures, models, data, reports, work assignments, instructions and other writings.

**DESIGNATION OF INFORMATION AS CONFIDENTIAL**

3. It is contemplated that one or more of the parties will make available certain of their files for inspection by the other party, which files may contain confidential as well as nonconfidential material, and that following such inspection an inspecting party will designate documents to be copied and the copies furnished or produced to it. All documents and their contents made available for such inspection shall be assumed to be CONFIDENTIAL INFORMATION and shall be treated as such until the producing party has had the opportunity to designate and mark selected furnished documents as CONFIDENTIAL INFORMATION according to Paragraph 4 hereof.

4. Whenever a document or thing produced by any party involves a disclosure of information which the producing party deems to be CONFIDENTIAL INFORMATION and which it wishes to be made subject to this Protective Order, the producing party shall designate confidentiality by marking the document or thing "CONFIDENTIAL." Any copy made of such document or thing or any abstract, summary or memorandum embodying information designated pursuant to this Order shall bear on its face the legend "CONFIDENTIAL."

5. If, during the course of discovery in this action, the parties hereto, or their representatives, are authorized to inspect another party's facilities, or processes of product manufacture, any documents or things generated as a consequence of any such inspection shall be deemed by the inspecting party, subject to the other provisions of this

Order, to comprise or to be CONFIDENTIAL INFORMATION and shall be treated as such.

6. Whenever a deposition taken on behalf of any party hereto involves a disclosure of CONFIDENTIAL INFORMATION of another party, the following procedure shall be implemented:

(a) The party whose CONFIDENTIAL INFORMATION is subject to disclosure shall state at any time during the deposition that the testimony is CONFIDENTIAL INFORMATION and advise all persons present that the information is subject to this Protective Order. The testimony shall be separately transcribed and marked "CONFIDENTIAL." Only those persons designated in paragraphs 8 hereof or those persons following the procedures set forth in paragraphs 9 and 10 hereof shall be permitted to view, listen to or read this testimony.

(b) If a designation of CONFIDENTIAL INFORMATION is not made during the deposition, or if additional material from the deposition is to be designated as CONFIDENTIAL INFORMATION, a party may designate the deposition or parts thereof as CONFIDENTIAL INFORMATION by written notice within 30 days of the mailing of the deposition. All persons with copies of the deposition transcript shall then mark their copies with the above legend. Until the 30-day period has expired, all deposition testimony and transcripts shall be treated in their entirety as CONFIDENTIAL INFORMATION covered by this Protective Order.

7. In the event that any documents which have been designated CONFIDENTIAL INFORMATION are included with or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the clerk of the court, such documents and related materials shall be filed with the clerk of the court in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope and the notation:

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
DATED ___________, 2000
Case No. 00-CV-1412 ADM/RLE

THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED, EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES.

**USE OF CONFIDENTIAL INFORMATION**

8. All material produced by any party pursuant to pretrial discovery in this action or deposition transcripts which are designated by the producing party as containing or comprising CONFIDENTIAL INFORMATION shall be maintained in confidence according to the terms of this Order by the receiving party and used solely in the preparation, prosecution or trial of this action. Subject to the provisions of paragraph 9 hereof, CONFIDENTIAL INFORMATION should only be disclosed to:

(a) current employees of the party who designated the item CONFIDENTIAL INFORMATION ;

(b) any individual who is listed on the item as a recipient or author or who otherwise has previously seen the item;

(c) the attorneys with the firms of ROBINS, KAPLAN, MILLER & CIRESI L.L.P., SIDLEY AUSTIN BROWN & WOOD, and LEONARD, STREET AND DEINARD, including their respective employees, support personnel and necessary vendors;

(d) two designated in-house lawyers directly employed by Microsoft and their respective support personnel, but only after Microsoft has provided written notification to Multi-Tech of: (i) the identity of the designated in-house lawyers and support personnel; (ii) a written verification that the designated in-house lawyers and support personnel do not and will not have any substantive role in prosecution of Microsoft's own patents, and (iii) an agreement signed by the designated in-house lawyer and support personnel that all originals or copies of any information designated as Confidential shall remain in a dedicated locked file cabinet with the front of the cabinet and any folder therein containing the legend set forth in Paragraph 7 herein;

(e) outside duplicating and imaging services employed by the parties or their attorneys; and

(f) the Court and its officers.

9. Before any disclosure of CONFIDENTIAL INFORMATION of another party is made to an outside independent individual or business employed by counsel for assistance in the preparation, prosecution or trial of this action, such individual or business shall be furnished with a copy of this Protective Order and shall

execute a written statement under oath, in the form attached hereto as "Exhibit A," acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them, and such statement shall be kept by the employing counsel for reference should such be necessary. For a business, the statement shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such business to whom CONFIDENTIAL INFORMATION is disclosed of the obligations imposed by this Order. Each outside independent individual or business to whom CONFIDENTIAL INFORMATION is sought to be disclosed shall be identified to the other party and a resume or CV shall be provided to the other party prior to making any such disclosure in sufficient time (not less than ten business (10) days) for such other party to object and to seek further protection should it deem that necessary. If any party objects, no disclosure shall be made to such individual or business until the matter is resolved.

10. Before either party discloses another party's CONFIDENTIAL INFORMATION to mock jurors, focus group members or the like selected by trial consultants, jury consultants or by counsel in preparation for trial, the party wishing to make such disclosure shall notify the party whose CONFIDENTIAL INFORMATION is to be disclosed of the intent to disclose CONFIDENTIAL INFORMATION, shall provide the other party with the numeric range sought to be disclosed, and shall indicate the type of person to whom the disclosure is sought (i.e., mock jurors, focus group members or something else). The party whose CONFIDENTIAL INFORMATION is sought to be disclosed shall have 21 days to seek Court intervention to prevent such disclosure. If the party whose CONFIDENTIAL INFORMATION is sought to be

disclosed seeks such Court intervention, the party seeking to disclose CONFIDENTIAL INFORMATION shall not disclose any such CONFIDENTIAL INFORMATION until the Court has ruled. In any event, each individual to whom CONFIDENTIAL INFORMATION is disclosed shall execute a confidentiality agreement in the form attached hereto as "Exhibit B" and such statement shall be kept by counsel for reference should such be necessary. No documents or physical things embodying CONFIDENTIAL INFORMATION of another party shall be left in the possession of any mock jurors, focus group members or the like. Nothing in this paragraph shall be construed as an agreement that either party has the right to disclose CONFIDENTIAL INFORMATION to mock jurors, focus group members and the like.

**INFORMATION DESIGNATED IMPROPERLY**

11. The restrictions set forth in any of the preceding paragraphs shall not apply to:

(a) any information which at the time of disclosure is available to the public;

(b) any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel or independent consultant; or

(c) any information which the receiving party, its counsel or independent consultants can show: (i) as a matter of written record was already known to the receiving party from legitimate sources; (ii) as a

matter of written record was independently developed by the receiving party, (iii) was obtained from the furnishing party without having been identified as CONFIDENTIAL INFORMATION (subject to the provisions and circumstances provided for in paragraph 15 hereof), or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence.

12. The receipt of any document, thing or response to any interrogatory designated as CONFIDENTIAL INFORMATION by a party shall not be construed as an agreement by any other party that any such document, thing or response to an interrogatory is in fact confidential, and shall not operate as a waiver of any party's right to challenge any such designation as provided herein.

13. The parties shall act in good faith in designating information and materials as CONFIDENTIAL INFORMATION. A party shall not be obligated to challenge the propriety of the designating of materials as CONFIDENTIAL INFORMATION at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event of any dispute raised at any time with respect to the propriety or correctness of the designation of information, including testimony and documents, as CONFIDENTIAL INFORMATION, the designating party shall substantiate, within seven (7) days of such challenge, the basis for such designation in writing. The parties shall then attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation

may file a motion for an appropriate order. The information shall be treated as confidential until the issue is resolved.

14. If either party contests the designation of documents or information as CONFIDENTIAL INFORMATION, the proper designation of the challenged CONFIDENTIAL INFORMATION shall be determined by reference to the same standard and burden as would have applied had the party producing the document moved for a protective order pursuant to Fed. R. Civ. P. 26(c).

**INFORMATION INADVERTENTLY DISCLOSED**

15. If a producing party inadvertently discloses to a receiving party any document, thing or information containing information that the producing party deems confidential without designating it as CONFIDENTIAL INFORMATION, the producing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the document, thing or information as CONFIDENTIAL INFORMATION under this Order. To the extent such document, thing or information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the document, thing or information promptly from such persons and to limit any further disclosure to unauthorized persons.

16. If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action

shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

**TERMINATION OF LITIGATION OR SETTLEMENT**

17. Within 60 days of the conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall destroy or assemble and return to the party who produced the CONFIDENTIAL INFORMATION, all such CONFIDENTIAL INFORMATION, including depositions and deposition exhibits designated as Confidential Material, and all copies thereof; and shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of CONFIDENTIAL INFORMATION; except the Counsel may retain one archival copy of court filings containing CONFIDENTIAL INFORMATION which materials will otherwise remain subject to this Protective Order.

**ADDITIONAL PROTECTION OF CONFIDENTIAL INFORMATION**

18. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing,

additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

19. In addition to the foregoing provisions of this Protective Order, the following shall apply to any document, testimony, or other discovery material produced by a party that includes any of that party's computer SOURCE CODE.

a. Such SOURCE CODE, to be entitled to the further protections of this paragraph 19, shall be designated "CONFIDENTIAL -- SOURCE CODE" and indicate the producing party.

b. Access to SOURCE CODE shall be limited to:

(1) the outside counsel listed in paragraph 8(c);

(2) no more than four (4) of the outside independent individuals or businesses qualified to access CONFIDENTIAL INFORMATION under paragraph 9, each of whom shall be specifically identified to the producing party as requesting access to SOURCE CODE when that individual or business is identified under the provisions of paragraph 9. The number of such qualified individuals may be expanded upon good cause shown. In addition, when such individual or business is identified under the provisions of paragraph 9 as requesting access to SOURCE CODE, the receiving party shall disclose a written list of consulting projects undertaken in the last five (5)

years including the client for which the project was undertaken and the general nature of the project; and

(3) The Court and its personnel with a need to review such Source Code for purposes of adjudicating the matter.

c. Materials designated as "CONFIDENTIAL -- SOURCE CODE" shall be kept in the offices of outside counsel, who shall be responsible for maintaining the confidentiality of such SOURCE CODE. The SOURCE CODE shall be kept under lock and key, and an access log shall be kept identifying the individuals who have examined such materials and on what date. Such log shall be kept confidential. Counsel may apply to the Court for access to the log upon good cause. If Counsel wishes to remove materials designated as "CONFIDENTIAL -- SOURCE CODE" from its offices for use as an exhibit in a deposition or at a court hearing, Counsel shall provide notice to the producing party and secure the producing party's agreement as to the procedures for removing such material.

d. No copy or transmission of SOURCE CODE shall be made, although SOURCE CODE produced in electronic form may be loaded on a single, non-networked computer that is subject to the same access restrictions set forth in sub-paragraph (c) above. For purposes of this paragraph, simply loading such material on a computer shall not constitute impermissible copying.

e. This paragraph 19 shall apply to Source Code representing a subset or a portion, but not a substantial portion, of a software product. The parties expressly reserve the issue of whether additional protections or conditions on the production of Source Code until an actual dispute exists concerning a specific request for production of Source Code. In the event an actual dispute arises, either party may seek relief from the Court, and the parties agree that this paragraph 19(e) shall not serve as a presumption that additional protections are or are not appropriate for the production of Source Code.

f. All SOURCE CODE shall be returned at the conclusion of this litigation and no copies of SOURCE CODE shall be kept, even if the SOURCE CODE appears in court filings. If SOURCE CODE has been loaded on a single computer as allowed by sub-paragraph (d), that computer shall be reformatted in such away that any copy of the SOURCE CODE, including all recoverable copies, shall be destroyed.

Nothing in this paragraph 19 is intended, or shall be construed, as a waiver of a party's right to contest the relevance or discoverability of any SOURCE CODE.

**PRODUCTION OF CONFIDENTIAL INFORMATION BY NON-PARTIES**

20. The production of any CONFIDENTIAL INFORMATION by non-parties shall be subject to the terms and conditions of this Protective Order. Pursuant to Paragraphs 3-7 and subject to the limitations of Paragraphs 11-16 hereof, non-parties

shall have the same rights as the parties to designate information as CONFIDENTIAL INFORMATION.

21. Subject to revison by stipulation of the parties based upon the status of Multi-Tech litigation with Compaq, Gateway and Dell, all discovery material (and the information contained therein), whether designated CONFIDENTIAL INFORMATION or not, shall be used by each party receiving it solely for the prosecution or defense of the claims of this litigation or any appeal therefrom and shall not be used by that party for any business, commercial, competitive, personal, or other purpose.

**OBLIGATION OF PARTIES**

22. Each of the parties named above and their counsel of record undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control

23. Nothing in this Stipulation and Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any CONFIDENTIAL INFORMATION.

24. The parties agree that any and all communication between the parties and their counsel after January 1, 1999 shall not need to be placed on a privilege log. Notwithstanding the foregoing, Microsoft shall log any opinion letters if it intends to rely on such opinions. Failure to log such opinion letters or materials will preclude reliance on such absent good cause shown for such failure.

Respectfully submitted and agreed.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

BY: Kevin D. Conneely
Ronald J. Schutz
Kevin D. Conneely
Ken R. Hall
Darren B. Schwiebert
Jodene Jensen
Misti Nelc
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402-2015
Phone (612) 349-8500

**ATTORNEYS FOR DEFENDANT AND COUNTERPLAINTIFF MULTI-TECH SYSTEMS, INC.**

**SIDLEY AUSTIN BROWN & WOOD**

BY: ____________________
David T. Pritikin
Richard A. Cederoth
Douglas I. Lewis
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
Phone (312) 853-7000

**LEONARD, STREET AND DEINARD PROFESSIONAL ASSOCIATION**
Douglas Greenswag
David R. Crosby
Suite 2300
150 South Fifth Street
Minneapolis, Minnesota 55402

**ATTORNEYS FOR PLAINTIFF AND COUNTERDEFENDANT MICROSOFT CORPORATION**

IT IS SO ORDERED this ____ day of __________, 2001.

Raymond L. Erickson
Magistrate Judge Erickson

2-26-01

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Office of the Clerk
417 Federal Building
515 West First Street
Duluth, Mn 55802

## Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts)*.

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
  Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

N:\PROTECOR.NOT