UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Microsoft Corporation, a
Washington Corporation,

Plaintiff,

vs. MINUTE ORDER

Multi-Tech Systems, Inc.,
a Minnesota Corporation,

Defendant. Civ. No. 00-1412 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 25th day of July, 2001.

* * *

On July 24, 2001, we heard argument on the Plaintiff's Motion to Compel further responses to two Interrogatories, and to Compel the production of certain license agreements. At the time of the Hearing, the Plaintiff appeared by Richard A. Cederoth, Douglas I. Lewis, and David R. Crosby, Esqs.; and the Defendant appeared by Kevin D. Conneely, Esq. For reasons expressed during the course of the Hearing, and briefly summarized here, the Motion to Compel is granted in part, and deferred in part.

In Interrogatory 2(c)(1), the Plaintiff seeks a further constuction of further claims, elements, and aspects of the specifications, which appear in the Defendant's patents. The Defendant

FILED JUL 25 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

opposes any effort to retill the field of claim construction, and yet concedes that there are "gray" areas in the manner in which the parties have been construing pertinent claims, and elements of prior art. Rather than another round of Interrogatories, which portends further delay and confusion, we have directed the parties to "meet and confer," and to **report back to the Court by July 27, 2001**, as to an inventory of terms and definitions at issue, and as to a workable mechanism to resolve, to the extent resolution is possible, the definitional issues.

Ultimately, how a claim will be construed is a matter for the Court to decide, see Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1995), aff'd, 515 U.S. 1192 (1995), but we remain of the view that a Markman Hearing is not an essential pre-requisite to claim construction in every case, but where it is employed, at a minimum the parties should have a common understanding of the boundaries of the claim construction war. Absent such an understanding, the District Court will be confronted with assertions of surprise, and with requests for further discovery -- a prospect we find untenable. By "meeting and conferring," we expect the litigants to limn the areas of dispute, to flesh out their own positions with respect to the claims which fall within those areas, and to recommend to the District Court the most efficient means of resolving those disputes.

As to Interrogatory 3, the Plaintiff asks the Defendant to parse its patents so as to identify the portions of their contents which satisfy the requisites of Title 35 U.S.C. §112. Under Section 112, to be valid, a patent must set forth "a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention." In opposing the Motion, the Defendant asserts that, whether a patent is invalid for failing to comply with Section 112, is an affirmative burden the Plaintiff must satisfy by clear and convincing evidence, and that, in seeking a fuller response to this Interrogatory, the Plaintiff is attempting to switch the burden of proof from itself to the Defendant. We reject that assertion as unsound. The Plaintiff is permitted to discover as to its claims, or its defenses to a counterclaim, without respect to who, ultimately, carries the burden of proof.

More convincing, however, is the Defendant's contention that it has fully answered this Interrogatory by stating that the entire contents of the patent satisfy the requisite showings of Section 112. Implicit in the Plaintiff's Interrogatory is an assumption that certain portions of the patent language is unrelated to the

requisites of Section 112, while the Defendant responds that, in its view, the patent must be read as an integrated whole in assessing whether it complies with Section 112. In effect, the Plaintiff would have us tell the Defendant that the Defendant's assertion is wrong -- therefore, answer the Interrogatory again. We are unable to do so and, indeed, the Defendant's assertion appears to make good common sense. In parsing through the patent, as requested by the Plaintiff, the Defendant runs the risk of excising portions of its content that, it believes, do respond to the requisites of Section 112. We are hard-pressed to disagree on any informed basis, and the Plaintiff draws nothing to our attention that disproves the Defendant's assertion except the Plaintiff's disdain for the assertion's verity.

Lastly, the parties appear to have reached an accord with respect to the production of license agreements, at least to the extent that a dispute was identified for the Court. If other matters remain at an impasse, then the parties are directed to "meet and confer" and, if the impasse remains, they are at liberty to contact us for such relief as is warranted.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Compel [Docket No. 35] is GRANTED in part, and DEFERRED in part, as more fully explained in the text of this Minute Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE