UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Microsoft Corporation, a
Washington Corporation,

Plaintiff,

vs. ORDER

Multi-Tech Systems, Inc., a
Minnesota corporation,

Defendant. Civ. No. 00-1412 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of January, 2002.

* * *

By letter dated December 28, 2001, the Plaintiff Microsoft Corporation ("Microsoft"), seeks leave to file a Motion for Reconsideration as to one aspect of this Court's Order of December 14, 2001. In the alternative, Microsoft seeks leave to file a Renewed Motion to Compel.[1] The Defendant Multi-Tech Systems, Inc. ("Multi-Tech"), opposes both Motions. For the purpose of these Motions, Microsoft has appeared by David T. Pritikin, Esq., and Multi-Tech appeared by Ronald J. Schutz, Esq. For reasons which follow, we

[1]Although styled as a Motion in the alternative, Microsoft's request for leave to file a Renewed Motion to Compel is simply a request for reconsideration, and we consider it as such.

JAN 04 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

deny Microsoft's request for reconsideration and, alternatively, its request to file a Renewed Motion to Compel.

Microsoft initially filed a Motion to Compel on November 1, 2001, in which it sought an Order requiring Multi-Tech to produce its files which relate to Multi-Tech's prosecution of pending, or abandoned patent applications, as they relate to the patents-in-suit.[2] Although Multi-Tech had produced all non-privileged portions of the prosecution histories for the patents-in-suit, as well as any other responsive, non-privileged documents, and had listed its pending, abandoned, and issued patent applications -- including seven pending and abandoned United States applications, and ten pending and abandoned foreign applications -- Multi-Tech did not produce the files as to those applications. Microsoft sought to compel those files, by making the bare assertion that statements made in the pending, or abandoned applications, which might be related to the patents-in-suit, could be relevant to claim construction, and could also be relevant under the doctrine of equivalents.

[2]Specifically, Microsoft had requested, in discovery served on September 22, 2000, that Multi-Tech produce "the prosecution histories of all continuations, divisions, continuations-in-part, reissues, reexaminations, foreign applications, or applications that otherwise resulted from, or claimed any benefit of priority based on the Multi-Tech Patents, where issued or pending," as well as "all pending, issued or abandoned patent applications, both United States and foreign."

We denied Microsoft's Motion to Compel, based on our understanding of the pertinent law, as we had applied those principles in Cordis Corp. v. Scimed Life Sys., 982 F. Supp. 1358 (D. Minn. 1997), for, in contrast to the circumstances in Cordis, Microsoft had identified nothing more than a theoretical potential for relevance, which had been insufficient to allow discovery in the cases we relied upon. In our Order of December 14, 2001, we explained our ruling, in part, as follows:

> While we understand that it is difficult for Microsoft to specifically point out how the applications are relevant, it has not even attempted to make a showing of something other than the potential that all "related" patent applications may be relevant because they could contain admissions. Nonetheless, they cite no authority for such a proposition, and we have been unable to find any. Moreover, if we allow this discovery, on such a limited showing, then the balancing test is fairly worthless, as pending and abandoned applications for related patents will always be relevant, as they could contain admissions.

Docket No. 69, at 17.

Although Microsoft does not agree with our assessment of the governing law, it now contends that it can make a showing similar to that presented in Cordis.

Having reviewed the letter briefs of the parties, we find Microsoft's request for reconsideration to be devoid of the "compelling circumstances," which are required for such extraordinary relief under our Local Rules. See, D. Minn. LR 7.1(g) ("Motions to

reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances."). Under the law of this Circuit, a Motion for Reconsideration may be treated as the "functional equivalent to a motion to alter or amend the judgment under" Rule 59(e), Federal Rules of Civil Procedure. Comsat Corp. v. St. Paul Fire and Marine Ins. Co., 246 F.3d 1101, 1105 (8th Cir. 2001), quoting DuBose v. Kelly, 187 F.3d 999, 1002 (8th Cir. 1999). As such, a Motion to Reconsider "'cannot be used to raise arguments which could have been raised prior to the issuance of judgment.'" Galman v. The Prudential Ins. Co. of America, 254 F.3d 768, 771 (8th Cir. 2001), quoting Concordia Coll. Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993); see also, Comsat Corp. v. St. Paul Fire and Marine Ins. Co., supra at 1106 ("This evidence was not placed before the district court in a timely fashion, and the court did not abuse its discretion by denying [the plaintiff's] request to file a motion for reconsideration so that it could present the evidence.").

In this instance, the basis for Microsoft's request for reconsideration is that it now believes that it can advance arguments, facts, or law, which it had failed to advance when its original Motion to Compel was argued. The prohibition on reconsideration would have little meaning if a Hearing on an original Motion was

merely a rehearsal for what at least one party regards as more compelling arguments on reconsideration. We seriously doubt that the experienced practitioner has ever left an argument at a Motion Hearing without conceiving of an argument which, after-the-fact, seemed particularly cogent. The mandate of Rule 1, Federal Rules of Civil Procedure, would have no substance were Hearings on pre-trial Motions the functional equivalent of a revolving door -- if you do not gain access on one attempt, merely try again.

We find nothing in Microsoft's request which demonstrates that, now, Microsoft can make a showing, as to documents it has not previously seen, that the documents are relevant. We do not suggest that such a showing is facile, or readily available, but the balancing test, which has been formulated by the Federal Circuit, recognizes that the trade secrets of pending patent applications have particular sensitivity, and should not be the subject of compelled diclosure, particularly to a competitor, in the absence of a competent showing of relevance. Here, Microsoft merely suggests that such relevance is foreordained, because the pending patent applications are somehow "related." We remain of the view that "presumed" relevance is insufficient to weigh the balance in favor of disclosure. We are mindful that a Protective Order exists in this action, and is urged by Microsoft to weigh the balance for disclosure in its favor. We do not understand, however, that the

Protective Order relieved the parties from an obligation to demonstrating, under Rule 26(b)(1), Federal Rules of Civil Procedure, that the evidence being requested in discovery is "relevant to the claim or defense of any party." Since Microsoft originally failed to make that showing, and has not proffered "compelling circumstances" that our earlier ruling was in error, we deny its request for reconsideration.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Request for Leave to File a Motion for Reconsideration or, in the Alternative, for Leave to File a Renewed Motion to Compel, is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE