**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Microsoft Corporation,
a Washington corporation,

Plaintiff.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1412 ADM/RLE

vs.

Multi-Tech Systems, Inc.,
a Minnesota corporation,

Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Microsoft Corporation's ("Microsoft") Objections [Doc. No. 77] to the December 14, 2001, Order of Magistrate Judge Raymond L. Erickson (the "Order") [Doc. No. 69]. Microsoft objects to the portion of the Order denying Microsoft's Motion to Compel Discovery [Doc. No. 52] of patent applications related to the patents-in-suit. For the reasons set forth below, the Order is adopted. The relevant factual background for this matter is adequately set forth in the Order and is incorporated by reference for the purposes of Microsoft's present objections.

## II. DISCUSSION

In ruling on an appeal from a non-dispositive matter decided by a magistrate judge, a district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72 .1(b)(2). This standard of review is extremely deferential. See Reko v. Creative Promotions, Inc., 70 F.Supp.2d 1005, 1007 (D. Minn.

FEB 2 6 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1999); Banbury v. Omnitron Int'l, Inc., 818 F.Supp. 276, 279 (D. Minn. 1993). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

Microsoft contends that Magistrate Judge Erickson applied the "incorrect legal standard" in determining whether or not to compel production of the pending or abandoned patent applications related to the patents-in-suit, and asserts that his Order is therefore "contrary to law." Pl. Obj. at 3. Microsoft also argues that Multi-Tech Systems, Inc. ("Multi-Tech"), waived its objections to the production of pending or abandoned patent applications. Id.

Microsoft's Document Request No. 2 seeks production of ". . . the prosecution histories of all . . . foreign applications, or applications that resulted from, or claimed any benefit or priority based on, the Multi-Tech [patents-in-suit], where issued or pending." Lewis Decl. Ex. B at 3-4. Multi-Tech objected to this request "to the extent that it seeks production of documents and information that are protected from disclosure by the attorney-client privilege or the work product doctrine," and as "unduly burdensome to the extent that it seeks documents [that are] publicly available." Lewis Decl. Ex. C at 4. Subject to the identified objections, Multi-Tech agreed to produce non-privileged documents in response to Document Request No. 2. Id. Multi-Tech also objected generally to all Microsoft's document requests "to the extent that they seek confidential documents." Id. at 1-2. Multi-Tech did not object on the grounds of relevance to Document Request No. 2.

Multi-Tech answered Document Request No. 2 by listing its pending, abandoned, and issued

patent applications, including seven pending and abandoned United States applications, and ten pending and abandoned foreign applications. Order, at 15. However, Multi-Tech did not produce the files on those patents. Id. In a recent communication, Multi-Tech now asserts that these files are not relevant. Id. Multi-Tech argues that, because it supplied a list of these pending or abandoned applications but never agreed or consented to produce copies of them, Microsoft "knew" Multi-Tech objected to producing the pending patent applications. Def. Resp. at 6. However, objections not made within 30 days of a document request are untimely and therefore waived. Fed. R. Civ. P. 34(b); Mackey v. IBP, Inc., 167 F.R.D. 186, 206 (D. Kan. 1996). Multi-Tech has waived any relevance objection to Document Request No. 2.

Subject to Multi-Tech's timely objections of attorney-client privilege, work product doctrine, public availability, and confidentiality, the identified pending and abandoned patent applications requested in Microsoft's Document Request No. 2 are discoverable. At issue is whether or not the confidentiality of patent applications objection to their discovery should be sustained.

While the rule maintaining pending patent applications in confidence at the U.S. Patent & Trademark Office, 35 U.S.C. § 122, is not binding on the federal courts, the courts have consistently cautioned that the sensitive nature of patent applications requires a careful balancing of the need for access to application information against the harm that may result from its disclosure. Avery Dennison Corp. v. UCB SA and UCB Films PLC, No. 95 C 6351, 1996 WL 633986, at *1 (N.D. Ill. Oct. 29, 1996). Therefore, "the courts have uniformly recognized that a heightened relevancy standard must be applied to patent applications and materials related thereto." Fischer Imaging Corp. v. Lorad Corp., 148 F.R.D. 273, 274 (D. Colo. 1993). Accordingly, courts generally apply a balancing test to decide whether or not to compel production of pending or abandoned applications.

Id.; Central Sprinkler Co. v. Grinnell Corp., 897 F.Supp. 225, 227 (E.D. Pa. 1995). Courts weigh the requesting party's interest in the materials against the objector's interest in secrecy. Fischer, 148 F.R.D. at 274; Central Sprinkler, 897 F.Supp. at 227.

To apply the balancing test, a court must assess the relative strength of the following factors: (1) the relevancy of the information gained from disclosure, (2) the availability of that information absent disclosure, (3) the potential harm resulting from disclosure, and (4) the availability of means to provide limited disclosure which could reduce any potential for harm. Avery, 1996 WL 633986, at *1. A demonstration of direct relevancy will tip the scale for disclosure, while the fact that parties are competitors weighs against disclosure. Fischer, 148 F.R.D. at 274; see Avery, 1996 WL 633986, at *1 (holding that disclosure should not be ordered if the interest served in protecting the secrecy of the data contained in the file outweighs the need to examine an application file). However, where the party seeking disclosure does not have access to the application files, failure of that party to demonstrate specific evidence that it expects to obtain from disclosure is unimportant and does not weigh against them. Central Sprinkler, 897 F.Supp. at 229; Avery, 1996 WL 633986, at *1.

An additional factor weighing against disclosure is situations where the lawyers seeking disclosure are regular patent counsel for a competitor and the information learned from disclosure "would remain in the lawyers' heads for [potential] future litigation and product development." Central Sprinkler, 897 F.Supp. at 228-229; see also Ideal Toy Corp. v. Tyco Indus., Inc., 478 F.Supp. 1191, 1195 (D. Del. 1979). Finally, Confidentiality Orders in place weigh in favor of disclosure, as such orders, "at the least, 'prevent excessive dissemination of the revealed material,' and will limit the access the parties themselves will have to the information." Id. at 228 n.3 (quoting Ideal Toy, 478 F.Supp. at 1193). Thus, "especially if protective measures can be fashioned to minimize the

intrusion or prevent excessive dissemination of the revealed material," disclosure of pending and abandoned patent applications should be allowed where the necessity for disclosure outweighs the desirability of maintaining the application's secrecy. Ideal Toy, 478 F.Supp. at 1193.

In this case, Magistrate Judge Erickson applied the appropriate balancing test discussed above in determining not to compel production. Order, at 15-16. This legal determination is not contrary to law. Microsoft does not allege that Judge Erickson's analysis was "clearly erroneous," the second basis for setting aside a Magistrate Judge's Order. 28 USC § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.1(b)(2).

Judge Erickson supported his determination of non-disclosure by articulating (1) that Microsoft has not made a "particular showing of relevance" establishing how the applications are relevant to this case, but rather simply alleged that information in the sought patent applications "may" be important to claim construction or relevant under the doctrine of equivalents, (2) that the parties "most certainly compete in some sense," given that their patents overlap, even though they may not be direct competitors, and (3) that Microsoft has not "cited instances in which Multi-Tech's previous patent applications have contained significant admissions." Order, at 16-17.

Microsoft argues that because its request is limited to applications that claim priority "based on" the patents-in-suit, it is seeking only applications "related to" the patents-in-suit. Pl. Obj. at 4, 7. Microsoft contends that "the fact that the applications are related to the patents in suit is a sufficient showing of relevance to satisfy the balancing test . . . ." Id. at 7. While "a demonstration of direct relevancy will tip the scale in favor of disclosure," Microsoft has not made such a demonstration. Fischer, 148 F.R.D. at 274 (citing Paper Converting Mach. Co. v. Magna-Graphics Corp., 207 U.S.P.Q. 1136 (E.D. Wis. 1980)). Merely seeking any documents "related to" the

a role in the balancing. Microsoft's failure to identify specific evidence it expects to find in the requested applications is not an adequate reason to deny production. See Central Sprinkler, 897 F.Supp. at 229; Avery, 1996 WL 633986, at *1. However, Judge Erickson also considered that the parties are competitors, and that there is no evidence of significant admissions contained in other Multi-Tech patent applications. Multi-Tech's interest in confidentiality is manifest. Judge Erickson's determination that the heightened relevancy standard was not met, and that the interest served in protecting the secrecy of the information contained in the requested pending and abandoned patent applications outweighed Microsoft's interest in the materials, was not "clearly erroneous." Accordingly, Microsoft's Objections are denied.

## III. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1 Microsoft's Objections [Doc. No. 77] to the December 14, 2001, Order are **DENIED**,

2. The Order of Magistrate Judge Raymond L. Erickson [Doc. No. 69] is **ADOPTED**, and

3. Microsoft's Motion to Compel Discovery [Doc. No. 52] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: February 26, 2002