UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Microsoft Corporation, a
Washington Corporation,

Plaintiff,

vs. ORDER

Multi-Tech Systems, Inc., a
Minnesota corporation,

Defendant. Civ. No. 00-1412 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 11th day of March, 2002.

* * *

On March 7, 2002, the Court heard argument on the Plaintiff's informal Motion to Compel. At the time of the Hearing, the Plaintiff Microsoft Corporation ("Microsoft") appeared by Douglas I. Lewis, Esq., and the Defendant Multi-Tech Systems, Inc., appeared by Ronald J. Schutz, Esq. For reasons expressed at the close of the Hearing, and briefly reiterated below, the Plaintiff's Motion is denied.

During the afternoon of March 7, 2002, the parties were engaged in the deposition of Daniel Kluth ("Kluth"). We had previously granted Microsoft leave to take the deposition of Kluth, even though discovery had already closed, by our Order of December 14, 2001. <u>Docket No. 69</u>. In that Order, we stated as follows:

FILED MAR 1 1 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK MKL

> As for Kluth, he is a patent attorney who prosecuted the patents-in-suit. Microsoft claims that the Rule 30(b)(6) deposition of Multi-Tech's witness, Sharma, took place on October 2, 2001, and was about Multi-Tech's patent licensing policies or licenses in which Multi-Tech has participated. At that time, Sharma first produced a copy of a 1996 assignment of the 616 Patent to Multi-Tech. Sharma could not provide any substantive knowledge regarding that Patent, however, and had not even read the Patent. He further testified that he could not remember any business reason for Multi-Tech's decision to purchase that Patent. Sharma stated that Kluth was the individual who brought the 616 patent to his attention.
>
> As Multi-Tech's reason for purchasing that Patent goes to Microsoft's assertion of inequitable conduct, Microsoft claims it should be able to depose Kluth, especially since the purchase of the 616 Patent was not made known to [Microsoft] until early October of 2001. In particular, Microsoft seeks the information provided to, and from Kluth, in his negotiations with the prior 616 Patent holders. At the Hearing, Multi-Tech agreed to allow the deposition of Kluth to go forward, due to the limited nature of the questioning that Microsoft has identified. Therefore, we grant Microsoft's Motion to take Kluth's deposition but, as with Dehmer, we caution that we grant no leave to conduct a new wave of discovery in this deposition. Rather, the deposition should focus on the limited areas we have identified. Thus, we grant Microsoft's Motion to Take Additional Depositions in its entirety.

Id. at 19-20.

During the deposition of Kluth, which was in progress at the time of the Hearing, Microsoft questioned Kluth concerning the purchase of the "616 Patent," but also sought to ask him more generalized

questions about his involvement in the prosecution of the patents at issue in this action which, Microsoft contends, also goes to the issue of inequitable conduct. Multi-Tech objected to such a line of questioning, as beyond the scope of our Order. We agree.

Our Order clearly limited questioning of Kluth to the areas identified in the Order, which included the information provided to, and from Kluth, in his negotiations with the prior holders of the 616 Patent. Id. at 20. The deposition of Kluth was not predicated on a generalized inquiry into his role in patent prosecution, and our grant of leave to take Kluth's deposition expressly was delimited to an inquiry concerning Mult-Tech's purchase of the 616 Patent -- the specific "limited area[] we ha[d] identified." Id. Accordingly the Motion to Compel answers as to Kluth's role in patent prosecution is denied.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's informal Motion to Compel is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE