**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| MICROSOFT CORPORATION, a Washington corporation, Plaintiff and Counterclaim Defendant, v. MULTI-TECH SYSTEMS, INC., a Minnesota corporation, Defendant and Counterclaim Plaintiff. | ) | Case No. 00-CV-1412 ADM/RLE<br>Honorable Ann D. Montgomery<br>Magistrate Judge Raymond L. Erickson |

## ORDER ENTERING FINAL JUDGMENT, DISMISSING CERTAIN CLAIMS, AND STAYING FURTHER PRETRIAL PROCEEDINGS

This matter came before the Court upon the parties' joint motion for entry of final judgment of non-infringement of Multi-Tech Systems, Inc.'s ("Multi-Tech") United States Patent Numbers 5,452,289 (the "'289 patent"), 5,471,470 (the "'470 patent"), 5,600,649 (the "'649 patent"), 5,764,627 (the "'627 patent"), and 5,790,532 (the "'532 patent"), pursuant to Federal Rule of Civil Procedure 54(b), and for the dismissal of Microsoft Corporation's ("Microsoft") declaratory judgment claims of non-infringement and invalidity relating to Multi-Tech's United States Patent Numbers 5,577,041 (the "'041 patent") and 5,764,628 (the "'628 patent"). For the following reasons, the Court grants the parties' joint motion.

1. Pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay in entering a final judgment of non-infringement of the '289, '470, '649, '627, and '532 patents in favor of Microsoft;

OCT 2 3 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD OCT 2 3 2002
DEPUTY CLERK

2. Multi-Tech agrees and stipulates that, given the Court's construction of the asserted claims of the '289, '470, '649, '627 and '532 patents, Microsoft has not infringed and does not infringe these patents as Multi-Tech alleged in its Answer and Counterclaims against Microsoft;

3. It is understood that Multi-Tech disagrees with the Court's interpretation of the asserted claims of the '289, '470, '649, '627, and the '532 patents, and that Multi-Tech intends to appeal the Court's judgment in this case.

4. Certifying final judgment holding that the asserted claims of the '289, '470, '649, '627, and '532 patents have not been infringed under Federal Rule of Civil Procedure 54(b) is appropriate in this matter because Microsoft's additional claims for invalidity and unenforceability of the '289, '470, '649, '627, and '532 patents are sufficiently factually distinct from the infringement disputes resolved by the claim construction issues on which the Court has already ruled;

5. Furthermore, resolution by the appellate court of claim construction issues will control future trial court proceedings;

6. This Court has weighed the need for immediate appeal versus the policy against piecemeal litigation and finds that there is no just reason for delay in entering final judgment;

7. Microsoft agrees and stipulates to dismiss with prejudice for want of subject matter jurisdiction its declaratory judgment claims of non-infringement and invalidity relating to the '041 and '628 patents, given Multi-Tech's statement of no liability and covenant not to sue Microsoft on the '041 and '628 patents. Specifically, Multi-Tech unequivocally stated that Microsoft has no liability to Multi-Tech or any successors-in-interest to the '041 and '628 patents for infringement of the claims of the '041 and '628 patents prior to October 15, 2002. Multi-Tech also unconditionally

agreed not to sue Microsoft for infringement as to any claim of the '041 and '628 patents based upon the products currently made, used, or sold by Microsoft on or before October 15, 2002.

IT IS ORDERED on this 23rd day of October, 2002, that the Clerk of Court enter FINAL JUDGMENT on non-infringement of the '289, '470, '649, '627, and '532 patents pursuant to Federal Rules of Civil Procedure 54(b) in favor of Plaintiff and Counterclaim Defendant, Microsoft, and against Defendant and Counterclaim Plaintiff, Multi-Tech, in Civil Action No. 00CV1412(ADM/RLE);

IT IS FURTHER ORDERED that Microsoft's declaratory judgment claims of non-infringement and invalidity relating to the '041 and '628 patents are dismissed with prejudice for want of subject matter jurisdiction; and

IT IS FURTHER ORDERED that further pretrial proceedings with respect to all other claims, as well as taxing of costs and any motions for attorneys' fees with regard to the judgments entered, be and hereby are STAYED until such time as the claim construction and infringement issues that gave rise to this entry of final judgment pursuant to Federal Rules of Civil Procedure 54(b) are resolved by the United States Court of Appeals for the Federal Circuit or until November 22, 2002, if no timely appeal has been filed.

Dated: October 23, 2002

JUDGE ANN D. MONTGOMERY
United States District Court